IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 23–5–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| HUNTER ANDREW DIETRICH, | |
| Defendant. | |

Before the Court is Defendant Hunter Andrew Dietrich's Motion for Early Termination of Probation. (Doc. 58.) The United States opposes. (*Id.* at 1.) For the reasons below, the Court grants the Motion.

## Background

On July 10 2024, Defendant was sentenced for assault onboard an aircraft in the special aircraft jurisdiction of the United States, in violation of 18 U.S.C. § 113(a)(5) and 49 U.S.C. § 46506(1). (Doc. 54.) The Court sentenced Defendant to two years of probation and ordered that the Defendant complete 100 hours of community service and pay $1,704.11 in restitution. (*Id.* at 2–4.)

## Discussion

Under federal law, this Court:

> after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal

1

>Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014); *see also United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). Defendant has served over one year of his term of probation and is therefore statutorily eligible for the premature termination of his remaining term of probation.

In determining whether to grant an early termination of probation, courts consider certain factors. These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its

2

sentencing decisions" which extends to the early termination of probation context. *Emmett*, 749 F.3d at 821.

Defendant argues that the Court should terminate the remainder of his term of probation because Defendant has "demonstrated exceptional compliance and rehabilitation since beginning his supervision." (Doc. 58 at 4.) The Government opposes early termination based on the nature and circumstances of the offense and "the potential danger he may still po se to the community." (Doc. 59 at 2.) The Court finds early termination appropriate.

Defendant is well educated having earned both a bachelor's degree and master's degree in communication. (Doc. 58 at 5.) Prior to the current offense, Defendant maintained steady employment in hospitality and retail management positions. (*Id.*) Defendant has no history of volent offenses and, according to psychological evaluations, is at low risk to reoffend. (*Id.*) Since his offense Defendant has worked at Lens Crafters and for a roofing company and has been named employee of the month. (*Id.*)

Defendant completed substance abuse treatment in November 2022 and has maintained sobriety since the date of the offense. (*Id.* at 6.) He has likewise undergone psychological evaluation and treatment which helped him gain insight into the factors that contributed to his offense. (*Id.*)

With the exception of one incident in April 2025, Defendant has complied

with all conditions of his pre-trial release and probationary period. (*Id.* at 3, 7.)

Based on Defendant's compliance with the terms of probation, his continued sobriety, his rehabilitation, his steady employment, and his respect for the law, the Court believes Defendant can live a productive and law-abiding life without the supervision of the Court.

Therefore, in weighing "the nature and circumstances of the offense" against the "characteristics" of Defendant, along with the need to promote "deterrence" and "protect the public," the Court agrees with Defendant that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that the Motion (Doc. 58) is GRANTED. Defendant Hunter Andrew Dietrich's term of probation is terminated as of the date of this Order.

DATED this 10th day of October, 2025.

_____
Dana L. Christensen, District Judge
United States District Court